UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Daniel Ayala,

            Plaintiff,

v.

CyberPower Systems (USA), et al.,

            Defendants.

Case No. 15-cr-1196 MJD/FLN

ORDER

---

    Dwight G. Rabuse, Rabuse Law Firm, P.A., Counsel for Plaintiff.

    Amy B. Conway and Daniel Oberdorfer, Stinson Leonard Street, LLP, Counsel for Defendant CyberPower Systems (USA), Inc.

    Michelle D. Christensen, HKM Law Group, Counsel for Defendant Insperity PEO Services, L.P.

---

    The above-entitled matter comes before the Court on CyberPower Systems (USA), Inc.'s ("CyberPower") objections to the Report and Recommendation of Magistrate Judge Franklin L. Noel dated September 8, 2015 recommending that the Court deny its motion to dismiss.

    Pursuant to statute, the Court has conducted a _de novo_ review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.2(b). Based on that review, the Court will

1

adopt the Report and Recommendation and deny CyberPower's motion to dismiss. The portion of the Report and Recommendation addressing Defendant Insperity PEO Services, L.P.'s motion to dismiss is moot, as Plaintiff has filed a notice of voluntary dismissal with respect to this Defendant.[1]

**IT IS HEREBY ORDERED** that:

1. Defendant CyberPower's motion to dismiss (Doc. No. 17) is **DENIED**; and

2. Defendant Insperity's motion to dismiss (Doc. No. 30) is dismissed as moot.

DATED: October 21, 2015            s/Michael J. Davis
                                   MICHAEL J. DAVIS
                                   United States District Court

---

[1] Defendant Insperity PEO Services objects to the notice of dismissal, which dismissed the claims without prejudice, given the fact that the Magistrate Judge had issued a Report and Recommendation recommending the motion be granted and the claims dismissed against Defendant Insperity with prejudice. The applicable Rules provide, however, that a plaintiff may file a notice of dismissal without leave of court before a defendant either files an answer or motion for summary judgment. Fed. R. Civ. P. 41 (a)(1). A motion to dismiss does not trigger court approval prior to dismissal. See Safeguard Bus. Sys., Inc. v. Hoeffel, 907 F.2d 861 (1990) (finding that a preliminary ruling from the court on motion for temporary restraining order did not prevent plaintiff from voluntarily dismissing action without prior court approval).